IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| GLENNA McCOY and DIETRICH GRAINGER, individually, and on behalf of all others similarly situated, | )<br>)<br>)<br>) CASE NO. 1:17 CV-00054-GNS |
| Plaintiffs, | )<br>) Judge Greg N. Stivers<br>) |
| vs. | ) COMPLAINT – CLASS ACTION AND<br>) COLLECTIVE ACTION UNDER THE |
| ADAPTIVE ENTERPRISES, LLC, MICHAEL MONTGOMERY, and JUSTIN HURDLE | ) FAIR LABOR STANDARDS ACT<br>)<br>)<br>) |
| Defendants. | )<br>) |

**PLAINTIFFS' MOTION FOR DEFAULT AND/OR MOTION FOR SANCTIONS FOR FAILURE TO COOPERATE IN DISCOVERY**

Come the Plaintiffs, Glenna McCoy and Dietrich Grainger, individually and on behalf of all others similarly situated, pursuant to Rule 37 and Rule 55 of the Federal Rules of Civil Procedure, and move the Court for an Order of Judgment in favor of the Plaintiffs in this case and an Order setting this matter for a damages hearing only. Plaintiffs file this Motion in light of Defendants continuing failure to comply with the Orders of this Court and for their failure to participate in discovery and pretrial obligations as required by the Federal Rules of Civil Procedure. As grounds for this Motion, Plaintiffs will show onto the Court as follows:

1. This case is set for trial on June 2, 2022.

2. On October 28, 2021, this Honorable Court entered a Scheduling Order providing for a timely progression of events to prepare this case for trial. (Doc. 116).

3. Defendants have continued to disobey the Court's October 28, 2021 Scheduling Order in this case.

4.	Pursuant to the Court Order no later than March 10, 2022, the parties were required to submit a Final Witness List and a Final Exhibit List. (Doc. 116).

5.	Plaintiffs complied with the Court's Order and filed their Witness List and Exhibit List on March 10, 2022. (Doc. 117 and Doc. 118).

6.	Defendants failed to submit any Final Witness List or Final Exhibit List. Further, since that failure, Defendants have not attempted to submit such requisite disclosures, nor have Defendants provided a justification for that failure.

7.	Pursuant to the Court's Order, Motions in Limine were to be filed on March 24, 2022. (Doc. 116).

8.	Pursuant to the Court's Order Plaintiffs filed there Motions in Limine on March 24, 2022. (Doc. 124 and Doc. 125).

9.	Defendants failed to file any Motions.

10.	Plaintiffs' first Motion in Limine asked that the Court prohibit Defendants from calling any witnesses or introducing any exhibits. (Doc. 124).

11.	Pursuant to the Court's Order, the deadline for filing a response to Plaintiff's Motions in Limine was April 7, 2022. (Doc. 116).

12.	Defendants failed to file any response. Thus, Defendants have failed to comply with the Court's Order and have failed to file a timely response to Plaintiffs' Motions in Limine. As result, Plaintiffs assume that an Order will be entered precluding Defendants from calling any witnesses or introducing any exhibits.

## **ARGUMENT**

As can be seen from the record, a pattern has emerged where Defendants are simply ignoring the Court's Order; are ignoring the Federal Rules of Civil Procedure regarding pretrial

disclosures and are not participating in any of the pretrial procedures established by the Court. As a result, Plaintiffs ask that judgment be entered in favor of the Plaintiffs and that a hearing be scheduled to determine damages, or that Plaintiffs' be permitted to file Affidavits establishing their damages.

Rule 37(b)(2) of the Federal Rules of Civil Procedure states that if a party fails to obey an order, including an order under Rule 26(f), the court where the action is pending may issue further just orders. Specifically, Fed. R. Civ. P. 37(b)(2) allows the Court to enter an Order (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; and… (vi) rendering a default judgment against the disobedient party. Plaintiffs submit that all of these remedies are appropriate in this case. Thus, Plaintiffs request, under Fed. R. Civ. P. Rule 37(b)(2) that the Court strike Defendants' Answer and all defenses in this case; take as established the allegations contained in Plaintiff's Complaint and enter a judgment in favor of Plaintiffs.

Defendants have not only ignored the Order of the Court but has also ignored the Fed. R. Civ. P. Rule 26(a)(3) requires that a party provide to the other party a list of witnesses and exhibits.

Further, Rule 55 of the Federal Rules of Civil Procedure states that when a party against whom a judgment for affirmative relief is sought has failed to defend an action that the Court may enter a default. It is clear Defendants are no longer defending this action. Defendants have failed to depose any of the Plaintiffs; have failed to meaningfully participate in the judicial settlement conference with Magistrate Judge Bremenstuhl; have failed to file a pretrial witness or exhibit list;

have failed to respond to motions in limine or otherwise defend this action. As a result, a default judgment is appropriate in this case.

At this point, it is clear that Defendants have not only ignored the Orders of the Court as well as the Federal Rules of Civil Procedure but have essentially stopped defending this action. As a result, requiring Plaintiffs to prepare further pretrial filings such as a trial brief and jury instructions would be a waste of time. Likewise, requiring that Plaintiffs prepare for a jury trial would result in a further waste of time and resources. As a result, Plaintiffs respectfully request that an Order of Judgment be entered and that a status conference be set to discuss an appropriate damages hearing.

Respectfully Submitted,

**DICKINSON WRIGHT PLLC**

*/s/ Peter F. Klett, III*
Peter F. Klett, III (TN #12688)
John E. Anderson, Sr. (TN #13698)
424 Church Street, Suite 800
Nashville, TN  37219-2392
pklett@dickinsonwright.com
janderson@dickinsonwright.com

JAMES BEWLEY LAW PLLC

James Bewley
Jennifer Bryant
300 10th Ave. South
Nashville, TN  37203
jbewley@JBLfirm.com
jbryant@JBLfirm.com
*ATTORNEYS FOR PLAINTIFFS AND PUTATIVE OPT-IN PLAINTIFFS*

## CERTIFICATE OF SERVICE

  I hereby certify that on April 8, 2022, I sent electronic notice to the following via the Court's ECF system:

Steven O. Thornton, Esq.
Attorney at Law
1011 Lehman Avenue, Suite 102
Bowling Green, KY 42103
sothornton@stevethorntonlaw.com

            */s/ Peter F. Klett, III*
            Peter F. Klett, III

4859-2436-6363 v1 [73972-1]