UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00054-GNS-HBB

GLENNA McCOY and DIETRICH
GRAINGER, individually, and on behalf
of all others similarly situated                                           PLAINTIFFS

v.

ADAPATIVE ENTERPRISES, LLC;                                        DEFENDANTS
MICHAEL MONTGOMERY; and
JUSTIN HURDLE

**ORDER**

This matter is before the Court on Plaintiffs' Motion for Default and/or Motion for Sanctions for Failure to Cooperate in Discovery (DN 126); Plaintiffs' Motion *In Limine* to Exclude Introduction of Independent Contractor Agreement (DN 122); and Plaintiffs' Motion *In Limine* to Exclude Any Witnesses and Exhibits (DN 120). These motions are ripe for adjudication. For the reasons that follow, Plaintiffs' Motion for Default and/or Motion for Sanctions for Failure to Cooperate in Discovery (DN 126) is **GRANTED IN PART** and **DENIED IN PART**; Plaintiffs' Motion *In Limine* to Exclude Introduction of Independent Contractor Agreement (DN 122) is **DENIED**; and Plaintiffs' Motion *In Limine* to Exclude Any Witnesses and Exhibits (DN 120) is **GRANTED IN PART** and **DENIED IN PART**.

### A.     Plaintiffs' Motion for Default and/or Motion for Sanctions for Failure to Cooperate in Discovery

Default Judgment is granted as to the liability of Justin Hurdle and Adaptive Enterprises, LLC. The trial will include (1) the merits as to the liability of Michael Montgomery ("Montgomery") and (2) damages for all three Defendants.

### B.     Plaintiffs' Motion *In Limine* to Exclude Introduction of Independent Contractor Agreement

Plaintiffs assert that the Independent Contractor Agreement (the "Agreement") between Defendant Adaptative Enterprises, LLC ("Adaptative") and Plaintiffs should be excluded from evidence because it is: (1) irrelevant and, alternatively, (2) is more prejudicial than probative. Plaintiffs' motion is denied, and Montgomery will be allowed to introduce the Agreement into evidence.

It is well established that contractual agreements are not dispositive in determining whether an individual is an employee or an independent contractor for the purposes of the Fair Labor Standards Act ("FLSA"). *Williams v. King Bee Delivery, LLC*, 199 F. Supp. 3d 1175, 1179 (E.D. Ky. 2016). However, just because the Agreement is not dispositive does not mean that it is not relevant. Evidence is relevant if it "has *any* tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401 (emphasis added). There is thus an "extremely low bar" for relevancy. *Abdur-Rahim v. City of Columbus*, No. 2:17-CV-601, 2019 WL 1873222, at *2 (S.D. Ohio Apr. 26, 2019). As Plaintiffs point out, the purpose behind FLSA is "to defeat rather than implement contractual relationships." *Williams*, 199 F. Supp. 3d at 1179 (internal quotation marks omitted) (citation omitted). Considering the low threshold for relevancy, however, the contract Plaintiffs seek to exclude is relevant in this matter.

Additionally, evidence should be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. While there is certainly risk of prejudice in this case, the Court does not find that the probative value of the evidence is "substantially outweighed" by this risk. Fed. R. Evid. 403. Instead, the Court believes that a jury instruction informing the jury regarding the legal nature of the agreement will cure any risks of unfair prejudice to the Plaintiffs.

### C.  Plaintiffs' Motion *In Limine* to Exclude Any Witnesses and Exhibits

Montgomery missed the original pretrial deadline to file witness and exhibit lists. (Order, DN 116). At the final pretrial conference on April 28, 2022, the Court informed Montgomery that he needed to finalize a list of witnesses (from the few already identified in discovery) by Friday May 6, 2022, and that if his CPA intended to testify, she needed to comply with discovery requests by May 13, 2022. Montgomery apparently failed to comply with these deadlines. Thus, to the extend Montgomery failed to comply, he will not be allowed to call any witnesses or introduce any exhibits (except the Independent Contractor Agreement discussed above).

### CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Default judgment is **GRANTED** to Plaintiffs on the liability of Justin Hurdle and Adaptative Enterprises for all claims asserted in Plaintiff's Complaint (DN 1).

2. Plaintiffs' Motion for Default and/or Motion for Sanctions for Failure to Cooperate in Discovery (DN 126) is **DENIED** as to Michael Montgomery.

3. Plaintiffs' Motion *In Limine* to Exclude Introduction of Independent Contractor Agreement (DN 122) is **DENIED**.

  4.  Plaintiffs' Motion *In Limine* to Exclude Any Witnesses and Exhibits (DN 120) is **GRANTED IN PART** and **DENIED IN PART**.

Greg N. Stivers, Chief Judge<br>
United States District Court<br>
May 26, 2022

cc: counsel of record
   Michael Montgomery, *pro se*
   Justin Hurdle, *pro se*
   Adaptive Enterprises, LLC